```
                                    USDC SDNY
                                    DOCUMENT
                                    ELECTRONICALLY FILED
                                    DOC #:_____
                                    DATE FILED: 4/6/2021
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------X
UNITED STATES OF AMERICA,    :     **19 CR 579 (VM)**
           :
     -against-     :
           :     **ORDER**
JUAN ROBERTO RAMIREZ, JR.,    :
           :
         Defendant.   :
---------------------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

Counsel for Defendant, with the consent of counsel for Government (see Dkt. No. 82), requests that the Court conduct a plea proceeding by teleconference under Section 15002(b) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which allows for felony plea proceedings to be held via teleconferencing only when the district judge "in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." See also In re Coronavirus/COVID-19 Pandemic, Second Amended Standing Order re: Video Teleconferencing and Telephone Conferencing for Criminal Proceedings, 20 Misc. 176, Dkt. No. 3, at 3 (S.D.N.Y. Sept. 16 2020) (authorizing the use of teleconferencing for felony pleas only upon a finding by the presiding judge that the "proceeding cannot be further delayed without serious harm to the interests of justice.").

1

The Court is persuaded that the plea in this case cannot be further delayed without serious harm to the interests of justice. Further delay of his plea proceeding will prevent the Defendant from availing himself of the Government's plea offer and from resolving this matter expeditiously. Additionally, it is not certain when the Court will be able to conduct the Defendant's plea in person. Conducting the Defendant's plea remotely therefore "promotes judicial economy." Cohen, 2020 WL 2539115, at *2. It "preempt[s] the parties' [potential] motions to this Court requesting further scheduling changes." Id.; United States v. Portolyoni, No. 09 CR 674, 2020 WL 5604047, at *3 (S.D.N.Y. Sept. 18, 2020). It also avoids adding to "the existing backlog of cases in the federal court system" and the "deluge of [requests for] hearings once in-person proceedings can safely resume." Cohen, 2020 WL 2539115, at *2.

**SO ORDERED:**

Dated: New York, New York
      06 April 2021

_____
Victor Marrero
U.S.D.J.